IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DEANA ARLETTE DRUMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NO.: |
| | ) | |
| GENWORTH LIFE and | ) | |
| ANNUITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff Deana Arlette Drummond ("Plaintiff"), and files this lawsuit against Defendant Genworth Life and Annuity Insurance Company ("Defendant"), averring as follows:

## JURISDICTION

1.

Plaintiff is a resident of Floyd County, Georgia.

2.

Defendant is a corporation formed under the laws of the State of Virginia. Defendant conducts substantial business in the Northern District of Georgia.

Defendant is the insurer of a life insurance policy which was entered into, issued, administered, and breached in the Northern District of Georgia.

3.

The Defendant can be properly served with the Summons and Complaint through its Registered Agent for Service, CT Corporation System, 40 Technology Parkway, Southsuite 300, Norcross, GA 30092.

4.

Jurisdiction of this Court is also invoked pursuant to the provisions of 28 U.S.C. § 1332, there being diversity of citizenship between the Plaintiff and the Defendant.

5.

Plaintiff further alleges that the sum in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

FACTS

6.

The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 though 5 of its Complaint as if repeated verbatim.

7.

2

Plaintiff is the surviving spouse of Danny H. Drummond, who died on December 24, 2012.

8.

On May 16, 2011, Danny H. Drummond completed an application for life insurance with Defendant.  Plaintiff was the named beneficiary of said policy.

9.

The amount of the life insurance policy applied for by Danny H. Drummond was $200,000.00.  The monthly premium quoted to Danny H. Drummond was $331.00, for the preferred rate class.

10.

Said application for life insurance included a medical history section which Danny H. Drummond completed.  Mr. Drummond identified Dr. Frank Hampton as his primary care physician in the medical history part of the application.

11.

On or about July 3, 2011, Danny Drummond suffered a T.I.A. (Transient Ischemic Attack or commonly referred to as a mini-stroke) and was treated by Dr. Frank Hampton for the mini-stroke.  At the time of the mini-stroke, Mr. Drummond's application for life insurance had not been accepted or denied.

3

12.

On July 26, 2012, Danny H. Drummond received notification from the Defendant that the review of his life insurance policy was complete and that Defendant was offering him a life insurance policy, Policy Number J323059. However, the policy offered to Mr. Drummond was for the amount of $100,000.00, not $200,000.00.  Defendant notified Mr. Drummond that the amount of life insurance was less than the applied for amount because of the following:

- History of Transient Ischemic Attack and Hypertension From the Files of Dr. [Hampton]

- Elevated Blood Pressure - Diastolic Reading

- Elevated Blood Pressure - Systolic Reading

- Height and Weight

13.

Defendant required Mr. Drummond to execute an acceptance of the amendment to his insurance policy in the amount of $100,000.00, which Mr. Drummond did on July 28, 2011.

4

14.

On December 24, 2012, more than 16 months later, Danny H. Drummond died.

15.

At all relevant times, the above-mentioned life insurance policy with Defendant was in full force and effect.

16.

In January, 2013, Plaintiff provided Defendant with a proof of loss statement as required by Policy Number J323059. Plaintiff also provided Defendant with other necessary documentation to process her claim for life insurance benefits under Policy Number J323059.

17.

On April 26, 2013, Defendant informed Plaintiff that it was unable to approve her claim for benefits because Mr. Drummond had not disclosed the T.I.A.

18.

Plaintiff appealed Defendant's denial of benefits on June 6, 2013, informing Defendant that it had knowledge of the T.I.A. as evidenced by the July 26, 2011

5

letter referencing the T.I.A. and reducing the policy amount applied for to $100,000.00.

19.

Defendant has continually refused to pay Plaintiff the death benefits she is entitled to receive pursuant to the insurance contract.

20.

Plaintiff has exhausted all of the Defendant's insurance policy's requirements for administrative appeals prior to initiating legal action against Defendant.

Count I - BREACH OF CONTRACT

21.

The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 though 20 of its Complaint as if repeated verbatim.

22.

Defendant has breached its contract with Plaintiff by refusing to comply with the requirements of the life insurance plan and by refusing to pay the death benefit owed to Plaintiff.

23.

Plaintiff is entitled to the death benefits she is due under the terms of the policy for the loss of her husband.

24.

The Plaintiff is further entitled to pre-judgment and post-judgment interest on all amounts due and owing to her under the language of the life insurance contract.

Count II - Stubborn Litigiousness

25.

The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 though 24 of its Complaint as if repeated verbatim.

26.

Plaintiff shows that the conduct of Defendant in failing and refusing to pay the life insurance benefit owed to Plaintiff amounts to stubbornly litigious conduct and has caused Plaintiff unnecessary trouble and expense and entitles Plaintiff to recover her reasonable attorney's fees and expenses of litigation.

27.

Pursuant to O.C.G.A. § 13-1-11, Plaintiff has notified Defendant of her

intentions to seek reasonable attorney's fees for Defendant's failure to pay the benefits owed under the life insurance contract.

28.

### Count III- Bad Faith

29.

The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 though 28 of its Complaint as if repeated verbatim.

30.

On November 27, 2013, Plaintiff notified Defendant in writing that if Plaintiff's claim was not paid within sixty (60) days, Plaintiff would pursue a bad faith claim pursuant to O.C.G.A. § 33-4-6 against Defendant.

31.

More than sixty (60) days have lapsed since Plaintiff's November 27, 2013 letter/notice to Defendant, and Plaintiff's claim has not been paid by Defendant.

32.

Defendant has acted in bad faith entitling Plaintiff to damages and attorney's fees pursuant to O.C.G.A. § 33-4-6.

8

Wherefore, Plaintiff prays as follows:

(A)     That the Defendant be served with Summons and Process as provided by law;

(B)     That Plaintiff have a trial by jury;

C)     That the Plaintiff be awarded the benefits she is owed under the life insurance contract;

(D)     That the Plaintiff be awarded pre-judgment and post-judgment interest on all amounts due and owing to her under the language of the life insurance contract;

(E)     That Plaintiff have judgment against the Defendant for all damages plus an award of costs and expenses allowed by law;

(F)     That the Plaintiff have judgment for her reasonable attorney's fees and expenses of litigation;

(G)     That the Plaintiff recover bad faith penalties against Defendant pursuant to O.C.G.A. § 34-4-6;

(H)     For such other and further relief as the Court may deem equitable, just and proper.

This 22nd day of April, 2014.

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

BY:   */s/ Mark M. J. Webb*
MARK M. J. WEBB
Georgia Bar No. 744639

BY:   */s/ Kristy L. Treadaway*
KRISTY L. TREADAWAY
Georgia Bar No. 187720

*Attorneys for Plaintiff*

Post Office Box 5007
Rome, GA 30162-5007
Phone - 706/291-8853
Fax - 706/234-3574

300424